IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BARRY WHITE,

      Plaintiff,

v.                                    CIVIL ACTION NO. 1:07-0567

THOMAS MCBRIDE, Warden,

      Defendant.


MEMORANDUM OPINION AND ORDER

      Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on February 12, 2009, in which he recommended that this court grant defendant's motion to dismiss plaintiff's petition as untimely filed, dismiss plaintiff's petition under 28 U.S.C. § 2254, and remove the matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  After receiving several extensions

of the deadline for filing his objections, plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation.

Defendant filed a motion to dismiss the § 2254 petition as untimely filed.  Magistrate Judge VanDervort held an evidentiary hearing to determine whether extraordinary circumstances, such as those found in <u>Goedeke v. McBride</u>, 437 F. Supp. 2d 590 (S.D.W. Va. 2006), justify equitable tolling in this case.  In a thorough and well-reasoned opinion, the magistrate judge determined that

> Mr. Smith's misrepresentations and complete failure to act in representation of Petitioner while the limitations period was running constitute extraordinary circumstances beyond Petitioner's control and "external to [his] own conduct" which prevented Petitioner from taking steps to timely file his State habeas Petition. These circumstances permit the District Court in its discretion to apply the principle of equitable tolling . . . .

Proposed Findings and Recommendation at 14.  To that end, the PF&R recommended that the court exclude the period from May 28, 2003, when Ms. Patteson retained Mr. Smith, until November 30, 2005, when plaintiff's State habeas petition was filed.  The PF&R further recommended that the period of time from November 30, 2005, until January 20, 2006, when plaintiff's State habeas petition was denied, be excluded.  Pursuant to 28 U.S.C. § 2244(d)(2), Magistrate Judge VanDervort recommended that additional time be excluded.  Based on the foregoing, the PF&R

concluded that White had until on or about July 7, 2007, to file
his § 2254 petition in this court.  Mr. Smith filed it on
September 17, 2007, more than two months late.

        The court agrees with Magistrate Judge VanDervort that
extraordinary circumstances exist such that this court should
apply the doctrine of equitable tolling.  However, in addition to
the periods of time that the PF&R recommends be tolled, the court
also believes that the period of time from September 7, 2006,
when the West Virginia Supreme Court of Appeals refused White's
appeal, to September 17, 2007, when Mr. Smith filed the § 2254
petition, should also be excluded.  It is clear based on the
evidence of record that White and his family believed that Mr.
Smith was working on his federal habeas case.  White's mother
continued to make payments to Mr. Smith for almost a year after
the State proceedings had concluded which indicated that
plaintiff believed progress was being made on his federal habeas.
Based on the foregoing, the court finds that the extraordinary
circumstances of this case warrant the equitable tolling of the
statute of limitations.  Therefore, plaintiff's § 2254 petition
was timely filed and his objections to the PF&R are SUSTAINED.

        Accordingly, the court adopts the Findings and
Recommendations of Magistrate Judge VanDervort in part and
rejects them to the extent they recommend that the court grant

3

defendant's motion to dismiss.  The court **DENIES** defendant's

motion to dismiss the petition as untimely filed and **RECOMMITS**

the matter to Magistrate Judge VanDervort for further

proceedings.

The Clerk is directed to send copies of this Memorandum

Opinion and Order to counsel of record and to plaintiff.

IT IS SO ORDERED this 31st day of March, 2009.

ENTER:

David A.  Faber
Senior United States District Judge