IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **BARRY WHITE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:07-0567** |
| ) | |
| **DAVID BALLARD, Warden,** ) | |
| **Mount Olive Correctional Complex,** ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Pending before the Court is Petitioner's Motion for Stay of Proceedings to Permit Exhaustion of State Remedies (Document No. 66.), filed on October 13, 2009. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURAL HISTORY

On February 14, 2001, the Grand Jury of Mercer County, West Virginia, returned an One Hundred Twenty (120) Count Indictment against Petitioner, charging him with sexual abuse and sexual assault involving minor children. (Document No. 10-2, Exhibit 1, p. 2.) Following a jury trial conducted on December 4 - 7, 2001, Petitioner was convicted of 105 counts of "Sexual Assault First Degree and Sexual Abuse by a Custodian."(Id., Exhibit 2, p. 7.) By Order entered on April 24, 2002, Petitioner was sentenced to multiple consecutive terms totaling 100 to 220 years in the State penitentiary. (Id., Exhibit 2, p. 8.)

On October 28, 2002, Petitioner, by counsel, Susan Henderson, appealed his conviction and sentence to the West Virginia Supreme Court of Appeals, raising the following assignments of error:

1. Barry White was deprived of his right to a fair trial because the Court erred in admitting testimony from witnesses who alleged they had read letters

>   written by the defendant to his wife, said testimony constituting hearsay based upon letters not produced and authenticated and further representing privileged communications between a husband and wife.
>
> 2. Barry White was deprived of his right to a fair trial because the court erred in permitting the testimony of witnesses with regard to alleged letters written by the defendant because the defendant was not timely notified of the existence of such witnesses.
>
> 3. Barry White was deprived of his right to a fair trial because the Court erred in failing to grant Defendant's Motion to Dismiss Counts 62, 63, 66, 67, 70, 71, 74, 75, 78, 79, 82, 83, 84, 86, 87, 88, 90, 91, 92, 94, 95, 96, 98, 99, 100, 102, 103, 104, 106, 107, 108, 110, 111, 112, 114, 115, 116, 118, 119, and 120.
>
> 4. Barry White was deprived of his right to a fair trial because the court erred in allowing the testimony of Phyllis Hasty, the play therapist who worked with the four alleged victims in this case.
>
> 5. Barry White was deprived of his right to a fair trial because the Court erred in allowing evidence of flight.
>
> 6. The verdict should be set aside because the jury failed to consider and deliberate on each and every charge lodged against the defendant, Barry White.

(Document No. 57-1, Exhibit 6.) The West Virginia Supreme Court of Appeals refused Petitioner's appeal by Order entered on May 13, 2003. (Document No. 10-2, Exhibit 3.)

On November 30, 2005, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Circuit Court of Mercer County.[1] (Id., Exhibit 4, p. 13.) Petitioner raised the following grounds for *habeas* relief:

> A. Ineffective Assistance of Counsel. Counsel failed to object to testimonial hearsay of Dr. Wallace and Phyllis Hasty.
>
> B. Violation of Right to Confrontation. The Court admitted into evidence testimonial hearsay from Dr. Wallace and Phillis Hasty.

---

[1] Based upon the record in this action, the Court concluded that the State *habeas* petition was prepared by Petitioner's prior counsel, Mr. David Smith.

    C.      Ineffective Assistance of Counsel. Irrelevant, Immaterial, and Highly Prejudicial Material Permitted into Evidence. Counsel failed to object to testimony from Phyllis Hasty that Barry White poisoned Halloween candy.

    D.      Ineffective Assistance of Counsel. Counsel elicited and failed to object to testimony concerning his prior arrest and incarceration for voluntary manslaughter. Counsel also failed to ask for a cautionary instruction concerning the same.

    E.      Ineffective Assistance of Counsel. Counsel elicited testimony concerning, and failed to object to testimony, regarding the mother Jennifer White's abuse of the children, including but not limited to repeated beatings, walking out of termination hearings, etc. Counsel also failed to request a cautionary instruction regarding the same. Counsel also failed to object to or request a cautionary instruction concerning evidence of the mother's parental rights being terminated.

    F.      Ineffective Assistance of Counsel. Counsel produced an expert, and then failed to object to testimony from the expert that Petitioner was a drunk, was incarcerated, and had a criminal past.

    G.      Due Process Violation. The use of jail house informants violated Petitioner's rights to due process of law.

    H.      Ineffective Assistance of Counsel. Counsel failed to properly investigate the case, failed to get pertinent records, failed to interview and call material witnesses, failed to use discovery to get scientific studies, etc.

(Document No. 63-1, pp. 1 - 8.) Petitioner also filed a "Losh List" dated November 18, 2005. (Id.)

The following errors were asserted in the "Losh List":

    1.      Indictment shows on face no offense was committed.
    2.      Prejudicial joinder of defendants.
    3.      Non-disclosure of Grand Jury minutes.
    4.      Refusal to turn over witness notes after witness has testified.
    5.      Claims concerning use of informers to convict.
    6.      Constitutional errors in evidentiary rulings.
    7.      Claims of prejudicial statements by prosecutor.
    8.      Sufficiency of evidence.
    9.      Excessive sentence.

(Id., pp. 9 - 13.) By order dated January 20, 2006, the Circuit Court denied the *habeas* petition without conducting an omnibus hearing. (Document No. 57-1, pp. 45 - 50.)

On July 21, 2006, Petitioner, by counsel, Mr. David Smith, filed his appeal of the denial of the State *habeas* petition to the West Virginia Supreme Court of Appeals. (Document No. 10-1, Exhibit 5, p. 15.) Petitioner raised the following grounds for relief:

1. Petitioner's right to confrontation as served by the Sixth Amendment to the United States Constitution and its counterpart in the West Virginia Constitution was violated.

2. Petitioner's legal counsel was ineffective as a matter of law.

    a. Counsel was ineffective in failing to object to testimony by Play Therapist, Phyllis Hasty, that Petitioner poisoned Halloween candy.

    b. Counsel was ineffective in the matter in which they handled the issue of his criminal record.

    c. Counsel was ineffective in that they failed to object or attempt to limit testimony as to how the children's mother mistreated them.

    d. Counsel was ineffective in that they permitted, without objection, the State's expert witness Phyllis Hasty, to vouch for the credibility of the children.

3. Petitioner was denied his right to jury trial as secured to him by the Sixth Amendment of the United States Constitution and his right to due process of law.

4. Petitioner's potential sentence of (1,210) One thousand, two hundred, ten years to (2,580) two thousand, five hundred, eight years of incarceration is in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

(Document No. 57-1, Exhibit 7, pp. 24 - 43.) The West Virginia Supreme Court of Appeals refused his Petition on September 7, 2006. (Document No. 10-1, Exhibit 5, p. 15.)

On September 13, 2007, Petitioner, by counsel, Mr. David Smith, filed a Petition Under 28 U.S.C. § 2254 For Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) Petitioner raises the following issues as grounds for *habeas* relief:

4

> **Ground one**: Petitioner's right to confrontation as served by the Sixth Amendment to the United States Constitution and its counterpart in the West Virginia Constitution was violated.
>> **Supporting FACTS**: Petitioner's right to confrontation was violated by the Court permitting the hearsay testimony of Dr. Gregory Wallace and the Play Therapist, Phyllis Hasty.
>
> **Ground two**: Petitioner's legal counsel was ineffective as a matter of law.
>> **Supporting FACTS**: Petitioner's trial counsel was ineffective by (1) failing to object to the admission of Rule 404(b) evidence; (2) failing to prevent the admission of Petitioner's prior criminal record; (3) failing to object or attempt to limit testimony regarding the mother's mistreatment of the child victims; and (4) failing to object to Phyllis Hasty vouching for the child victim's credibility.
>
> **Ground three**: Petitioner was denied his right to jury trial as secured to him by the Sixth Amendment of the United States Constitution and his right to due process of law.
>> **Supporting FACTS**: The charge to the jury whereby Petitioner could have been convicted of 105 counts of sexual offenses without the State proving a single direct instance of sexual misconduct constitutes a denial of his right to due process of law and his right to be tried by a jury.
>
> **Ground four**: Petitioner's potential sentence of One Thousand Two Hundred Ten years (1,210) to Two Thousand Five Hundred Eight years (2,508) of incarceration violates the Eight Amendment's prohibition of cruel and unusual punishment.
>> **Supporting FACTS**: Petitioner received more time than a murderer receives in West Virginia without causing a significant physical inquiry to anyone. Hence, Petitioner argues that the sentences are not only excessive, but also disproportionate.

(Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) On May 20, 2008, the undersigned ordered Respondent to file an Answer to the allegations contained in the Petition and show cause, if any, why the Writ of *Habeas Corpus* should not be granted. (Document No. 7.) Respondent filed his Answer and a Motion to Dismiss on July 7, 2008. (Document Nos. 9 - 11.) Respondent argued that Petitioner's Petition must be dismissed as untimely. (Document No. 11.) On July 25, 2008, Mr.

Smith filed a Response to the Motion to Dismiss arguing that Petitioner's Petition was timely filed within the one-year statute of limitations period. (Document No. 12.) By letter dated September 29, 2008, Petitioner advised the Court that he believed Mr. Smith acted ineffectively in failing to timely file his Petition. (Document No. 15.) In view of Petitioner's allegation that he retained Mr. Smith to handle his State *habeas* proceedings in March, 2003, and the filing of Petitioner's State *habeas* Petition on November 30, 2005, well after the expiration of the 28 U.S.C. § 2244(d)(1)(A) one-year period of limitation, the undersigned found that an evidentiary hearing was necessary to determine whether extraordinary circumstances as found in Goedeke v. McBride, 437 F. Supp.2d 590 (S.D.W.Va. 2006)(Chief Judge Goodwin) justify equitable tolling in the instant case and filed an Order scheduling the hearing. (Document No. 16.) Anticipating that Mr. Smith would testify at the hearing, the undersigned appointed Mr. Thomas Gillooly to represent Petitioner at the evidentiary hearing and in further proceedings thereafter if appropriate. (Document No. 18.) By letter dated January 27, 2009, Petitioner advised Mr. Smith that he was "fired" as counsel. (Document No. 28.) An evidentiary hearing was held on January 29, 2009. (Document No. 29.) The undersigned entered his Proposed Finding and Recommendation on December 12, 2009, recommending that Respondent's Motion to Dismiss be granted. (Document No. 36.) By Memorandum Opinion and Order dated March 31, 2009, the District Court adopted the undersigned's Proposed Finding and Recommendation in part, and rejected it to the extent it recommended that the Court grant Respondent's Motion to Dismiss.[2] (Document No. 45.) The District Court denied Respondent's

---

[2] The undersigned determined that Petitioner's Section 2254 Petition was untimely because the doctrine of equitable tolling applied to the period of time Mr. Smith represented Petitioner in his State *habeas* proceedings, but not to the period of time he represented Petitioner in his federal *habeas* proceedings. (Document No. 36.) The District Court determined that Petitioner's Petition was timely because the doctrine of equitable tolling applied to the entire period of time that Mr. Smith represented

Motion to Dismiss and referred the matter to the undersigned for further proceedings. (Id., p. 4.) By Order entered April 3, 2009, the undersigned granted Petitioner the opportunity to file an Amended Section 2254 Petition. (Document No. 46.)

On June 30, 2009, Petitioner, by counsel, Thomas Gillooly, filed an Amended Petition. (Document No. 52.) Respondent filed a Motion for More Definite Statement on August 25, 2009. (Document No. 55.) By Order entered on September 16, 2009, the undersigned denied Respondent's Motion for More Definite Statement. (Document No. 63.) In denying the Motion, the undersigned determined that the following grounds for *habeas* relief were asserted in Petitioner's Amended Petition:

1. Petitioner was deprived of his right to confrontation under the Sixth Amendment of the United States Constitution.

    (a) Petitioner was not allowed to interview or cross examine the alleged victims, who were minor children; and

    (b) Dr. Gregory Wallace and Phyllis Hasty, Play Therapist, were permitted to give hearsay testimony concerning statements made by the alleged victims. (Document No. 52, ¶¶ 10, 11, 27, 28, and 53.)

2. The trial court's improper evidentiary rulings were so egregious as to render the trial fundamentally unfair and in violation of the due process clause of the Fourteenth Amendment.

    (a) The trial court improperly admitted "unreliable and suggestive" expert testimony from Phyllis Hasty (Id., ¶¶ 12 - 17, and 27.);

    (b) The trial court improperly admitted testimony from Alamaria Barron, Lori Day, and Michael Charlton regarding the contents of letters written by Petitioner to his wife (the alleged victims' mother) (Id., ¶¶ 29 - 36.);

    (c) The trial court improperly admitted testimony concerning Petitioner's alleged flight (Id., ¶ 58.);

---

Petitioner, which included both State and federal *habeas* proceedings. (Document No. 45.)

    (d)    The trial court employed procedures that ignored the effect that prior sexual abuse by the victims' natural father might have had on the reliability of the reports of sexual abuse allegedly committed by Petitioner. (Id., p. 2.)

3. Petitioner was deprived of effective assistance of trial counsel.
    (a)    Trial counsel failed to object to prosecutor's improper opening statements (Id.,¶¶ 23 and 24.);

    (b)    Trial counsel failed to object to the admission of Rule 404(b) evidence concerning testimony that Petitioner poisoned Halloween candy (Id., ¶ 28.);

    (c)    Trial counsel failed to prevent the admission of Petitioner's prior criminal record (Id., ¶¶ 56 and 58.);

    (d)    Trial counsel failed to object to Phyllis Hasty vouching for the alleged victims' credibility (Id., ¶¶ 27.);

    (e)    Trial counsel failed to object or attempt to limit testimony as to how the child victims' mother mistreated them (Id., ¶ 58.); and

    (f)    Trial counsel failed to properly investigate the case, get pertinent records, interview and call material witnesses, and to use discovery to get scientific studies. (Id., ¶ 58.)

4. The Indictment was so defective as to render Petitioner's trial egregiously unfair because the Indictment failed to provide Petitioner with enough information to prepare a defense and protect against double jeopardy. (Id., ¶¶ 18 - 23, and 25.)

5. Insufficient evidence to support a guilty verdict. Petitioner contends that the jury convicted him of 105 counts of sexual offenses without the State proving a single direct instance of sexual misconduct. (Id., ¶¶ 56 and 58.)

6. Petitioner's sentence, under all of the facts and circumstances of the case, is so disproportionate to the offenses involved that it violates the cruel and unusual prohibition of the Eighth Amendment of the United States Constitution. (Id., ¶ 57.)

The undersigned further noted that based upon a preliminary review, the Amended Petition appeared

to contain both exhausted and unexhausted claims.³ (Document No. 63, pp. 11 - 13.)

On October 13, 2009, Petitioner filed the instant Motion for Stay of Proceedings to Permit Exhaustion of State Remedies. (Document No. 66.) Pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), Petitioner requests that proceedings in the above case be stayed pending exhaustion in State court of any unexhausted claims in his federal Petition. (Id., p. 1.) In support of his Motion, Petitioner states that he "had good cause for failing to exhaust and did not engage in intentional delaying tactics. . . . Applying the doctrine of equitable tolling, this Court excused the Petitioner's delay in filing the Petition due to the 'extraordinary circumstances' created by his former counsel's mishandling of the case." (Id., pp. 1 - 2.) Petitioner further states that he "has never received the omnibus *habeas corpus* hearing which state law requires." (Id., p. 2.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a Section 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See

---

³ The undersigned noted that Grounds 2(a), (b), (c), and (d) and Grounds 3(a) and (f) of the Amended Petition appeared to be unexhausted.

9

Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732.

The District Court may in its discretion hold these proceedings in abeyance while Petitioner concludes his State *habeas* proceedings. When a State prisoner presents a mixed Petition under Section 2254, that is a Petition containing claims that are both exhausted and unexhausted, the District Court may stay the Petition "to allow the petitioner to present his unexhausted claims to the state court in the first instance and then return to federal court for review of his perfected petition."Rhines v. Weber, 544 U.S. at 269, 125 S.Ct. at 1530. A stay with respect to a mixed Petition is only appropriate when the District Court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278, 125 S.Ct. at 1535. Petitioner acknowledges that his Amended Petition contains both exhausted and unexhausted claims. (Document No. 66, p. 2.) Thus, the undersigned finds that Petitioner's Petition is mixed. The undersigned notes that in prior proceedings, the District Court determined that the

10

doctrine of equitable tolling applied to Petitioner's State and federal *habeas* proceeding due to former *habeas* counsel's mishandling of the case. (Document No. 45.) The undersigned therefore finds that Petitioner has demonstrated good cause for his failure to exhaust the factual basis for his claims and that his claims, on their face, are not completely without merit. Accordingly, the District Court may properly grant Petitioner's Motion for Stay of Proceedings to Permit Exhaustion of State Remedies (Document No. 66.).

It is therefore hereby **ORDERED** that Petitioner's Motion for Stay of Proceedings to Permit Exhaustion of State Remedies (Document No. 66.) is **GRANTED**. This matter shall be stayed and held in abeyance until Petitioner's State *habeas* proceedings are concluded. It is further **ORDERED** that Petitioner and/or Respondent shall notify the Court promptly when Petitioner's State *habeas* proceedings are concluded. The Clerk is directed to remove this matter from the active docket of the District Court. The Clerk is further directed to send a copy of this Order to counsel of record.

ENTER: October 15, 2009.

R. Clarke VanDervort
United States Magistrate Judge